The PEOPLE of the State of
Colorado, Complainant,

v.

Harry J. HOLMES,
Attorney-Respondent.

No. 86SA251.

Supreme Court of Colorado,
En Banc.

Jan. 20, 1987.

George S. Meyer, Deputy Disciplinary Prosecutor, Supreme Court Grievance Committee, Denver, for complainant.

Clifton J. Carney, Jr., Boulder, for attorney-respondent.

DUBOFSKY, Justice.

The Supreme Court Grievance Committee found that Harry J. Holmes, the respondent, had violated the Code of Professional Responsibility and the Colorado Rules Regarding Lawyer Discipline and recommended that he be suspended from the practice of law for thirty days. We approve the recommendation.

The respondent was licensed to practice law in Colorado in 1964 and is subject to the jurisdiction of this court and its grievance committee. The grievance committee found by clear and convincing evidence that the respondent, in 1970, agreed to represent Helen Dean in obtaining child support arrearages from her former husband, Robert Stahl, Jr. Dean paid the respondent $105.00. The respondent testified that he did nothing on behalf of his client because he did not believe that Robert Stahl, Jr., could be found or that he had any assets. In 1976 Dean requested the respondent to secure the arrearages in child support from the estate of Robert Stahl, Sr., from which she believed her former husband would inherit money. The respondent testified that although the estate had assets sufficient to cover the money owed by Robert Stahl, Jr., to Dean, he believed that he would not be able to secure any of the assets from the estate and therefore filed nothing on Dean's behalf before the estate was closed in August, 1977.

Meanwhile, in 1976 the respondent represented the second wife of Robert Stahl, Jr., Barbara Stahl, for no fee, at a hearing dissolving her marriage with Stahl. At the conclusion of the hearing, either the respondent or the opposing attorney was ordered to prepare an order and decree. For reasons the grievance committee was unable to ascertain, the decree was never prepared and the petition for dissolution of

marriage was dismissed with prejudice in 1980. Had the dissolution become final, a house in Longmont, owned by Robert Stahl, Jr., and Barbara Stahl, would have been awarded to Barbara Stahl. Barbara Stahl was killed in a motorcycle accident in 1981, and Robert Stahl, Jr., became the sole owner of the Longmont property.

In August, 1979, Helen Dean discharged the respondent, requesting her file and certain bonds in the respondent's possession. The bonds, which had been misplaced in the respondent's law office, were returned to Dean in August, 1980, and the file was not produced until the hearing in this matter. Dean's new attorney secured an interest in the Longmont property that satisfied the obligation of Robert Stahl, Jr., for child support and maintenance arrearages owed to Dean. Prior to the sheriff's sale at which Dean gained an interest in the Longmont property, an attorney representing the estate of Barbara Stahl attempted to block the sale on the basis that the divorce proceeding in April, 1976 should have been final. The effort to obtain a *nunc pro tunc* entry of an order dissolving the marriage of Robert Stahl, Jr., and Barbara Stahl as of April 1, 1976, was unsuccessful.

The hearing board of the grievance committee concluded that the respondent had engaged in conduct that violated C.R.C.P. 241.6 (attorneys may be disciplined for conduct that violates the Code of Professional Responsibility) with respect to his representation of both Dean and Barbara Stahl.[1] The board found that the respondent violated DR 1–102(A)(1) (lawyer shall not violate a disciplinary rule), DR 6–101(A)(3) (lawyer shall not neglect a legal matter), and DR 9–102(B)(4) (lawyer shall promptly pay or deliver to client as requested funds, securities, or other properties in lawyer's posses-sion) with respect to his representation of Dean. The board found that the respondent violated DR 1–102(A)(1) and DR 6–101(A)(3) with respect to his representation of Barbara Stahl.

In considering a recommended sanction, the board noted that the respondent had received a letter of admonition in 1977 for withdrawing from representation of a client without taking reasonable steps to avoid foreseeable prejudice to the client's rights and another letter of admonition in 1979 for neglect of a legal matter. The board found that the respondent's conduct at issue was not intentional. The board referred to the facts that the respondent no longer practices civil law, that he has established a new system for file management, and that he represents clients with few resources from which to pay counsel. Based on section 4.42 of the American Bar Association's Standards for Imposing Lawyer Sanctions (1986), the board recommended that the respondent be suspended from the practice of law for thirty days and that he pay the costs of these proceedings.[2] The hearing panel of the grievance committee approved the hearing board's recommendation that the respondent be suspended for thirty days and that costs be assessed against him.

We issued an order to show cause why the respondent should not be suspended for up to one year. In response to the order to show cause, the respondent submitted a number of letters from county court judges in Boulder County, Weld County, Larimer County, and Adams County, from the municipal judge in Boulder, and from lawyers in Boulder County. The letters chronicled the respondent's capabilities as an attorney representing hundreds of primarily low in-

---

1. The hearing board noted that the respondent's representation of both Helen Dean and Barbara Stahl most likely involved a conflict of interest. However, the respondent was not charged with a violation of DR 5–105 (refusing to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer), and the hearing board did not consider that disciplinary rule.

2. Section 4.42 of the American Bar Association's Standards for Imposing Lawyer Sanctions (1986) provides:
   Suspension is generally appropriate when:
   (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
   (b) a lawyer engages in a pattern of neglect that causes injury or potential injury to a client.

come clients. The letters described the respondent as always punctual, competent, well-prepared, direct, honest, and willing to represent clients for a minimal fee or, often, no fee. The respondent noted that the events in question in this proceeding originated more than ten years ago and that the latest of the events occurred more than seven years ago. The respondent asserted that since that time he has limited his practice to criminal and traffic matters and revised his fee schedule to permit the employment of sufficient support personnel to update his caseload and maintain proper records.

In the absence of mitigating circumstances we would have been inclined to impose a more severe sanction than that recommended by the hearing board. Given that the conduct in question occurred a long time ago and that the letters filed in response to the order to show cause demonstrate that the respondent provides competent legal services to many persons who otherwise could not afford a lawyer, we approve the grievance committee recommendation that the respondent be suspended for a period of thirty days and that he be required to pay the costs related to this proceeding.

Accordingly, it is ordered that the respondent be suspended from the practice of law for a period of thirty days commencing April 1, 1987. The respondent is ordered to pay costs of $900.39 to the Supreme Court Grievance Committee within thirty days from the date of the announcement of this opinion. The respondent's reinstatement is conditioned upon compliance with C.R.C.P. 241.22(b) and full payment of costs.

